UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IBALDO ARENCIBIA,

    Plaintiff,

vs.

TWENTY LABS, LLC,

    Defendant.
_____/

Case No.

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Ibaldo Arencibia ("Arencibia"), individually and on behalf of all others similarly situated, by and through his attorneys, sues Defendant Twenty Labs, LLC ("Twenty Labs") for damages and equitable relief and, in support thereof, alleges the following:

### INTRODUCTION

This is a class action lawsuit for violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. Twenty Labs, who appears to provide a health-related social media platform or services, illegally sent countless unsolicited, automated messages to Arencibia and other similarly situated putative class members, in violation of the TCPA.

### PARTIES

1. Arencibia is an individual residing in Miami-Dade County, Florida.

2. Twenty Labs is a foreign limited liability company, organized and existing under the laws of the State of Delaware, with its principal place of business in New York, NY. Twenty Labs is registered and does business in Florida. Upon information and belief, Twenty Labs does business throughout the U.S. and worldwide, primarily through its app "Healthy Together," which is currently the #8 health and fitness app in the Apple App Store.

1

## JURISDICTION AND VENUE

3. This is a class action lawsuit for damages within the jurisdiction of this Court.

4. This Court has Federal Question Jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the TCPA, 47 U.S.C. § 227.

5. This Court also has jurisdiction because at least one class member is from a state different from Defendant and Plaintiff is seeking up to $1,500 per violation of the TCPA, which when aggregated among the thousands of proposed class members, exceeds the $5,000,000 threshold for jurisdiction under the Class Action Fairness Act.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this district. Moreover, Defendant's wrongful acts have impacted the general public of this district, and the ends of justice require that parties residing in other districts be brought before this Court.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

*Overview of the TCPA*

7. In 1991, faced with nationwide complaints over the volume of robocalls being received by American consumers, the U.S. Congress enacted the TCPA to address the companies' abusive solicitation through automated calling.

8. The TCPA prohibits, among other things, making any call to a cellphone using an automatic telephone dialing system ("ATDS"), unless it is made for emergency purposes or with the express consent of the party called.

9. The TCPA defines an ATDS as any "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

10. Any equipment that has the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator," satisfies the definition of an ATDS, even if that capacity is not used.

11. According to the Federal Communications Commission ("FCC"), charged with implementing the TCPA, these calls are prohibited because they can be costly and inconvenient.

12. The FCC has recognized that "robotexts" generated through an ATDS are also prohibited under the TCPA.

13. Under the TCPA, the burden is on defendants like Twenty Labs to demonstrate that Arencibia and the putative class provided express consent within the meaning of the statute.

*Arencibia and Twenty Labs' Texts*

14. At all relevant times, Arencibia was the owner of the cellular phone number xxx-xxx-3082 (the "3082 number").

15. During November and December 2020, Twenty Labs sent at least five unsolicited text messages to the 3082 number regarding COVID-19 results.

16. Prior to Twenty Labs sending Arencibia unsolicited text messages, Arencibia had never reached out to Twenty Labs for information, given out his phone number to Twenty Labs, asked Twenty Labs about COVID-19 results through its services or connected app, done business with Twenty Labs, or otherwise had known about Twenty Labs.

17. On November 23, 2020, Twenty Labs sent an unsolicited text message to the 3082 number regarding COVID-19 results and its connected app. *See* **Image 1**.

> SMS with 785-49
> 11/23/20, 7:30 PM
>
> IBALDO ARENCIBIA, COVID-19 test results associated with your phone number are ready. Florida's Department of Health partnered with Healthy Together to deliver results. Use the Healthy Together app to unlock results. Reply STOP to opt out. Espanol & Kreyol Ayisyen available
> healthytogether.io/FLresults

3

18. On November 24, 2020, Twenty Labs sent an unsolicited text message to the 3082 number regarding COVID-19 results and its connected app. *See* **Image 2**.

> 11/24/20, 7:54 PM
> IBALDO ARENCIBIA, COVID-19 test results associated with your phone number are ready. Florida's Department of Health partnered with Healthy Together to deliver results. Use the Healthy Together app to unlock results. Reply STOP to opt out. Espanol & Kreyol Ayisyen available
> healthytogether.io/FLresults

19. On December 1, 2020, Twenty Labs sent an unsolicited text message to the 3082 number regarding COVID-19 results and its connected app. *See* **Image 3**.

> 12/1/20, 5:50 PM
> IBALDO ARENCIBIA, COVID-19 test results associated with your phone number are ready. Florida's Department of Health partnered with Healthy Together to deliver results. Use the Healthy Together app to unlock results. Reply STOP to opt out. Espanol & Kreyol Ayisyen available
> healthytogether.io/FLresults

20. On December 2, 2020, Twenty Labs sent an unsolicited text message to the 3082 number regarding COVID-19 results and its connected app. *See* **Image 4**.

> 12/2/20, 4:44 PM
> IBALDO ARENCIBIA, COVID-19 test results associated with your phone number are ready. Florida's Department of Health partnered with Healthy Together to deliver results. Use the Healthy Together app to unlock results. Reply STOP to opt out. Espanol & Kreyol Ayisyen available
> healthytogether.io/FLresults

21. On December 14, 2020, Twenty Labs sent an unsolicited text message to the 3082 number regarding COVID-19 results and its connected app. *See* **Image 5**.

> 12/14/20, 4:31 PM
> IBALDO ARENCIBIA, COVID-19 test results associated with your phone number are ready. Florida's Department of Health partnered with Healthy Together to deliver results. Use the Healthy Together app to unlock results. Reply STOP to opt out. Espanol & Kreyol Ayisyen available
> healthytogether.io/FLresults

22. During this three-week period, Twenty Labs contacted and solicited business from Arencibia at least five times and shows no sign of ceasing. Twenty Labs' insistent and unwelcome texts to Arencibia, without his express consent, invaded Arencibia's privacy, and significantly interfered with his regular way of life and business interests.

23. These texts were particularly invasive for Arencibia, who works as a lighting technician. Arencibia works on several different jobs for hire, and it takes a great deal of planning and communication to secure a job through his phone with prospective employers. Twenty Labs' unsolicited text messages distract Arencibia, not only during the planning process for his jobs, but also while he is operating his lighting program, which involves the use of his computer, which also receives these unsolicited messages from Twenty Labs.

24. All of Twenty Labs' text messages were sent to Arencibia within the timeframe relevant to this class action.

25. Twenty Labs' text messages constitute telemarketing because they encourage the future investment or use of property, goods, or services.

26. Twenty Labs' and its agents sent the robotexts from the short code number 785-49. This number is controlled or owned by Twenty Labs or its agents.

27. On information and belief, Twenty Labs contacts consumers in association with a text marketing company, which acts as an agent of Twenty Labs. In association and coordination with the text marketing company, Twenty Labs uses an automated random number generating system in order to text consumers from hundreds, if not thousands, of phone numbers.

28. The impersonal and generic nature of Twenty Labs' text messages reflect that they were sent via an ATDS; the texts received by Arencibia are all identical to each other.

29. Furthermore, upon looking at the texts, they are clearly not written in natural

language or in the way that normal people usually write; rather, the texts reflect they are machine-created and disseminated.

30. On information and belief, the platform used by Twenty Labs has the capacity to generate or store random or sequential numbers to dial or text sequentially or randomly at the time the text is sent, and to send them *en masse*, on an automated basis, without human intervention.

31. The number from which Arencibia received text messages regarding COVID-19 results and Twenty Lab's connected app is not the contact number for Twenty Labs on its website, further supporting the assertion that the texts received by Arencibia and those similarly situated were done through the use of an ATDS.

32. Similar or identical text message advertisements were sent to thousands of putative class members' cell phones.

33. Since the putative class members' cell phones alert them whenever they receive a text message, each unsolicited text message forcibly transmitted by Twenty Labs to their phones invaded their privacy and, upon receipt, intruded upon their seclusion and peace of mind.

34. None of the recipients of the messages gave their prior express consent permitting Twenty Labs to send such unsolicited text messages to their cell phones. In the case of Arencibia, despite him never contacting Twenty Labs or interacting with any of the text messages, Twenty Labs continued to periodically send him messages, nevertheless.

35. These unsolicited text messages were sent to thousands of putative class members, which caused each such member damages, including the costs associated with loss of use of their cell phones, interruption of other usage of their cell phones, nuisance, annoyance, invasion of privacy, lack of sleep, mental anguish, other suffering, and additional costs incurred when the number of texts in a given month exceeded his or her cell phone data plan.

*Unfair Trading Practices*

36. Twenty Labs' text messages also constitute an unfair or deceptive practice. Taking advantage of the COVID-19 pandemic, Twenty Labs deceptively texts consumers to make them believe they are the providers of recently taken COVID-19 tests. In this context, where millions of consumers have actually taken a COVID-19 test, consumers are deceived by thinking that Twenty Labs is the actual provider of the test they recently took.

37. Thinking they are about to see their results, consumers click on the link provided in the unsolicited text, only to be prompted to download an app. *See* **Image 6**.



38. Consumers get the net impression that they need to download Twenty Labs' app in order to obtain their "test results." Once consumers download the app, the app remains in their cell phones with access to vast amounts of personal data from consumers that never heard or dealt with Twenty Labs before. This unlawful scheme is partly what has placed Twenty Labs at the top of the App Store download list.

## CLASS ACTION ALLEGATIONS

39. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1

through 38.

40. Plaintiff brings this class action on behalf of himself and others similarly situated pursuant to Fed. R. Civ. P. 23(b)(2) and (3).

41. Plaintiff seeks certification of the following Class:

**Nationwide Class**

All persons in the United States who, during the applicable statute of limitations, received non-emergency unsolicited texts in their cellular phones through the use of an ATDS from Twenty Labs regarding its goods or services.

**Florida Subclass**

All persons in Florida who, during the applicable statute of limitations, received non-emergency unsolicited texts in their cellular phones through the use of an ATDS from Twenty Labs regarding its goods or services and who downloaded the Healthy Together app.

This Class definition is subject to amendment as needed.

42. Excluded from the Class are Twenty Labs, its respective affiliates, subsidiaries, agents, board members, directors, officers, employees, any members of the judiciary to whom this case is assigned, their court staff, and Plaintiff's counsel.

**Numerosity**

43. This action satisfies the numerosity requirement of Fed. R. Civ. P. 23(a)(1). The Class is sufficiently numerous that separate joinder of each member is impracticable as the Class will include thousands of members. Though Plaintiff does not know yet the exact number of putative class members, Twenty Labs' app "Healthy Together" is currently ranked the #8 health and fitness app in the Apple App Store, and thus the Class will likely be in the thousands.

**Commonality and Predominance**

44. This action satisfies the commonality requirement of Fed. R. Civ. P. 23(a)(2), and the predominance requirement of Fed. R. Civ. P. 23(b)(3), as the claims raise questions of law and

8

fact common to each member of the Class and such questions predominate over questions affecting only individual members. These include, without limitation, the following:

    (a) whether Twenty Labs used an ATDS;

    (b) whether Twenty Labs used its ATDS to text class members;

    (c) whether Twenty Labs' texts were sent due to an emergency;

    (d) whether Twenty Labs obtained express consent from class members before messaging them;

    (e) whether Twenty Labs' conduct violates the TCPA;

    (f) whether Twenty Labs' conduct was negligent;

    (g) whether Twenty Labs' conduct was knowing and/or willful;

    (h) whether Twenty Labs is liable for damages and the amount of the damages;

    (i) whether Plaintiff and the other class members are entitled to declaratory relief; and

    (j) whether Twenty Labs should be enjoined from engaging in similar conduct in the future.

**Typicality**

45.    This action satisfies the typicality requirement of Fed. R. Civ. P. 23(a)(3), as the claims made by Plaintiff are similar to those of the other class members. For example, most putative class members received the same type of non-emergency text messages and these texts were sent to them using an ATDS.

**Adequacy**

46.    This action satisfies the adequacy requirement of Fed. R. Civ. P. 23(a)(4) because Arencibia will fairly and adequately protect and represent the interests of each class member, since he has suffered the same wrongs as the other class members.

47.    Further, Arencibia is well aware of his responsibilities as class representative and

has retained Ayala Law, P.A., which is experienced in complex litigation and has the necessary resources to meet the costs and requirements of a case of this nature.

### Superiority

48. This action satisfies the superiority requirement of Fed. R. Civ. P. 23(b)(3) because a class action is superior to other available methods for the fair and efficient adjudication of this controversy for a variety of reasons, including, without limitation, that it would be an inefficient use of judicial resources to require each putative class member affected by Twenty Labs' actions to bring their own claim. Moreover, the case deals with common issues of law that may be adjudicated uniformly in one single action without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would require.

### Class action under Fed. R. Civ. P. 23(b)(2)

49. The prerequisites for maintaining a class action under Fed. R. Civ. P. 23(b)(2) also exist because by sending unsolicited texts messages, Twenty Labs has acted on grounds that apply to the entire class, making injunctive and equitable relief appropriate.

50. Specifically, Plaintiff seeks an order declaring that Twenty Labs' marketing tactics are in violation of the TCPA. Plaintiff also requests an injunction against Twenty Labs, preventing it from further taking advantage of unsuspecting class members, using the COVID-19 pandemic as an opportunistic excuse to text them without their consent.

### NATIONWIDE CLASS CLAIMS

### <u>COUNT I – VIOLATION OF THE TCPA</u>
**47 U.S.C. § 227**

51. Plaintiff incorporates and realleges paragraphs 1 through 50 fully in this count.

52. Plaintiff and each member of the Class received more than one text message sent by or on behalf of Twenty Labs during the class period. Additionally, all such messages were sent

via the same dialing technology, which qualifies as an ATDS within the meaning of the TCPA. This is evidenced by the generic, boilerplate nature of the content of the text messages, the use of a phone number that is not the regular number of Twenty Labs, the repetitive and periodic nature of the texts, and the persistence of the texts, despite never engaging with a single text message.

53. Neither Arencibia nor any other class member provided Twenty Labs with his or her prior express consent, within the meaning of the TCPA, to receive the autodialed messages.

54. Twenty Labs' use of an ATDS to send text messages to telephone numbers, including Arencibia's 3082 number and the numbers of all the members of the Class, without their prior express consent as required under the TCPA, constitute violations of the TCPA by Twenty Labs. 47 U.S.C. § 227(b)(1)(A)(iii).

55. Twenty Labs' use of an ATDS to send text messages to the cell phone numbers of class members, when they neither requested, consented, or otherwise engaged with Twenty Labs constitutes a willful and knowing violation of the TCPA, as described un 47 U.S.C. § 227(b)(3)(C).

56. Arencibia and all other class members are entitled to, and seek, an award of $500 in statutory damages for each violation of the TCPA committed by or on behalf of Twenty Labs. For any such violation committed willfully or knowingly, Arencibia and all other members of the class are entitled to and seek $1,500.

WHEREFORE, Plaintiff Ibaldo Arencibia, respectfully requests a judgment in his favor and the Class as follows

    (a) injunctive relief sufficient to ensure Twenty Labs refrains from violating the TCPA in the future;

    (b) statutory damages of $500 for Plaintiff and each putative class member for each one of Twenty Labs' violations of 47 U.S.C. § 227(b) (or $1,500 for each such violation to the extent it was committed willfully or knowingly);

    (c) an order certifying this action as a class pursuant to Fed. R. Civ. P. 23, establishing an

appropriate class and any subclass(es) this Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the attorneys representing Plaintiff as counsel for the Class; and

(d) an award of attorneys' fees and costs to Plaintiff's counsel, payable from any class-wide damages recovered by the Class.

## FLORIDA SUBCLASS CLAIMS

### COUNT II – VIOLATION OF FDUTPA
### Fla. Stat. § 501.204

57. Arencibia incorporates and realleges paragraphs 1 through 50 fully in this count.

58. Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") declares "unfair methods of competition, unconscionable acts or practices, and unfair deceptive acts in the conduct of trade or commerce as unlawful." Fla. Stat. § 501.204.

59. It is unlawful for any person to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any ATDS to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

60. Arencibia was contacted by Twenty Labs through unsolicited text messages on at least five (5) occasions.

61. These messages were sent by Twenty Labs through the use of an ATDS and were not done for emergency purposes.

62. Arencibia never gave Twenty Labs any form of consent, much less express consent, to receive these messages.

63. Arencibia and the members of the Florida Subclass are consumers within the meaning of FDUTPA.

64. When Twenty Labs sent unsolicited text messages in violation of the TCPA in an effort to gain business and exposure for its app, Twenty Labs engaged in unfair and deceptive

12

practices.

65. Twenty Labs' actions, causing distraction, annoyance, and stress to Arencibia and the other members of the Florida Subclass were premeditated, calculated, willful, deceptive, unfair, unconscionable, and driven by pecuniary gain, in violation of FDUTPA.

66. Twenty Labs' text messages constitute unfair or deceptive practices because they take advantage of the COVID-19 pandemic to make consumers believe Twenty Labs is the provider of recently taken COVID-19 tests. In this context, where millions of consumers have actually taken a COVID-19 test, consumers are deceived by thinking that Twenty Labs has the results of the tests they recently took. Using this tactic for unsuspecting consumers to download Twenty Labs' app constitutes an unfair and deceptive practice.

67. As a direct and proximate cause of Twenty Labs' actions, Arencibia and the members of the Florida Subclass have been damaged.

68. "In any civil litigation resulting from an act or practice involving a violation of [FDUTPA], the prevailing party . . . may receive his or her reasonable attorney's fees and costs from the non-prevailing party." Fla. Stat. § 501.2105.

WHEREFORE, Plaintiff Ibaldo Arencibia, respectfully requests a judgment in favor of himself and the Florida Subclass for: (a) damages, in an amount to be determined at trial; (b) costs, interest, and reasonable attorneys' fees; and (c) all other relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all claims so triable pursuant to Fed. R. Civ. P. 38(b).

Dated: December 23, 2020

Respectfully submitted,

Eduardo A. Maura, Esq.
Luis F. Quesada Machado, Esq.
*Attorneys for Plaintiff*

**Ayala Law, P.A.**
2490 Coral Way, 401,
Miami FL 33145.
Telephone: 305-570-2208
Email: eduardo@ayalalawpa.com

By: /s/ *Eduardo A. Maura*
      Eduardo A. Maura
      Florida Bar No. 91303